**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| PATTY DICKENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-355 (EGS) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Pending before the Court are Defendants CSX Transportation and CSX Corporation's (collectively "CSX") motion to dismiss the complaint, Defendant District of Columbia's motion to dismiss the complaint, and defendants' motions to strike the plaintiff's supplemental oppositions.  Upon consideration of the motions and supporting memorandum, the responses and replies thereto, the applicable law, and the entire record, the Court determines that the plaintiff has failed to state a constitutional claim against the District of Columbia, but that dismissal of the negligence claims against the District of Columbia and CSX would be premature.[1]   Therefore, for the reasons stated herein, CSX's

---

[1] Because none of the arguments that plaintiff raises in the supplemental oppositions affects the outcome of defendants' motions to dismiss, the Court will deny as moot defendants' motions to strike the supplemental oppositions. *See Rogers v. Johnson-Norman*, __ F. Supp. 2d __, 2006 WL 3741051, at *1 n.1 (D.D.C. 2006).

1

motion to dismiss is **DENIED without prejudice**, and the District of Columbia's motion to dismiss is **GRANTED in part and DENIED in part**.

### BACKGROUND

Plaintiff brought this suit on behalf of her deceased brother, Linwood Lawrence, who died after being struck by a train in Baltimore on February 9, 2002. Plaintiff alleges that her brother was severely mentally ill and was released from prison without adequate preparation, which led to his death. Plaintiff brings suit under 42 U.S.C. § 1983 and common law negligence against the District of Columbia, D.C. Department of Corrections, United States Parole Board, CSX, and named and un-named individual defendants.

### ANALYSIS

**1. CSX's Motion to Dismiss**

On January 30, 2006, the Court denied CSX's initial motion to dismiss without prejudice, and ordered plaintiff to file an amended complaint by February 13, 2006, and properly serve all defendants by March 3, 2006. Plaintiff failed to comply with the Court's order and did not file the amended complaint or serve CSX until April 2006. CSX argues that the complaint should be dismissed because plaintiff has failed to properly serve CSX within the Court's deadline. *See* Fed. R. Civ. P. 4(m), 12(b)(5).

While the Court does not countenance plaintiff's violation

of the Court's order, the Court is mindful that dismissal of plaintiff's claims at this point would render them forever barred under the statute of limitations.  *See* D.C. Code § 12-301(8). Therefore, the Court exercises its discretion to extend the time for service because the harm to plaintiff from dismissal outweighs any prejudice to CSX from the delay in service.  *See Wilson v. Prudential Financial*, 332 F. Supp. 2d 83, 89-90 (D.D.C. 2004).  The Court notes, however, that CSX has previously articulated additional reasons to dismiss the complaint, and thus the Court directs plaintiff to file an amended complaint to address these arguments no later than March 12, 2007.

**II. District of Columbia's Motion to Dismiss**

Defendant District of Columbia moves to dismiss the complaint on the grounds that plaintiff has failed to state a claim upon which relief can be granted, and that plaintiff's claims are barred by the statute of limitations.  *See* Fed. R. Civ. P. 12(b)(6).  Defendant's latter argument is based on the supposition that plaintiff's claims were filed on February 18, 2005.  At the hearing on January 30, 2006, the Court found, however, that plaintiff's complaint was in fact filed with the Clerk of the Court on January 25, 2005, and therefore that plaintiff's claims were not time-barred.  *See* Tr., Hearing, Jan. 30, 2006.

A motion to dismiss for failure to state a claim should be

granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Sparrow v. United Air Lines*, Inc., 216 F.3d 1111, 1114 (D.C. Cir. 2000) (citations omitted).  Moreover, a complaint will be liberally construed on Rule 12(b)(6) motions. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004). The Court will accept as true all factual allegations in the complaint, and give plaintiff the benefit of all inferences that can be drawn from the facts alleged.  *See Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996).

   Plaintiff's amended complaint alleges that Linwood Lawrence was in the custody of the D.C. Department of Corrections ("DOC") and that the negligent or reckless handling of his release, combined with the negligent operation of train operator CSX, led to Lawrence's injury and death on February 9, 2002.  Am. Compl. at 5-6.  Plaintiff alleges that Lawrence was improperly released because there was no plan or arrangement made to insure that Lawrence would receive medical care or his mental illness medications, or have a place to live.  *Id.* at 5.  Plaintiff alleges that the DOC and U.S. Parole Board had a duty to formulate such a plan under D.C. Municipal Regulations, Title 28, section 208.6.  *Id.*  Plaintiff further alleges that Lawrence's release without a plan violated "other laws and regulations," and that the duty to formulate a plan was greater because Lawrence

suffered from serious mental illness.  *Id.* at 7.  Plaintiff claims that the District of Columbia is liable for the DOC's actions and those of its employees under *respondeat superior*.  *Id.* at 3.  In addition to these negligence claims, the complaint also includes a claim under 42 U.S.C. § 1983, alleging that Lawrence's release without an appropriate plan deprived him of substantive and procedural due process under the Fifth Amendment.  *Id.* at 7.

Defendant District of Columbia argues that plaintiff's negligence claim against it is not viable because the relied-upon regulation, section 208.6, was repealed prior to Lawrence's release.  *See Fletcher v. Reilly*, 433 F.3d 867, 870 (D.C. Cir. 2006) (describing the transfer of responsibility for the imprisonment of felons convicted under the D.C. Code from the District of Columbia to the federal government, including the repeal of section 208.6 and related regulations on August 5, 2000).  Plaintiff concedes that section 208.6 was in fact repealed.  Nonetheless, plaintiff's negligence claim against the District of Columbia may still be viable because the DOC's duty to Lawrence could be grounded in other statutory provisions, or simply the common law, especially since plaintiff has alleged that Lawrence was in custody of the DOC prior to his release.[2]

---

[2] The Court notes that plaintiff has not alleged that notice of the injury was provided to the District of Columbia under D.C. Code § 12-309.  *See Fein v. District of Columbia*, 93

Plaintiff's complaint does refer to the duty existing under "other laws and regulations," and does not rely upon section 208.6 alone. Defendant's argument has not foreclosed these other grounds for negligence, so the Court cannot dismiss plaintiff's negligence claim at this time. *See Sparrow*, 216 F.3d at 1114.

Plaintiff's constitutional claim, however, has less merit. Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), municipalities are liable for their agents' constitutional torts only if the agents acted pursuant to municipal policy or custom. *Warren*, 353 F.3d at 38 (citing *Monell*, 436 U.S. at 694). *Respondeat superior* does not apply. *Id.* "In order to state a claim against a municipality, the plaintiff therefore must allege not only a violation of his rights under the Constitution or federal law, but also that the municipality's custom or policy caused the violation." *Id.*

In this case, plaintiff has nowhere alleged that Lawrence's injuries were caused by the District of Columbia's policies or customs. Nor has plaintiff alleged that the District of Columbia failed to address ongoing constitutional violations in a manner sufficient to establish liability under a theory of "deliberate indifference." *See id.* at 39. To the contrary, plaintiff

---

F.3d 861, 871-72 (D.C. Cir. 1996) (holding that such notice is a prerequisite to a negligence action against the District of Columbia). As defendant has not raised the notice issue, however, the Court will not pursue it further.

explicitly relies on *respondeat superior* liability.  *See* Am. Compl. at 3.  A section 1983 claim against a municipality cannot be sustained on that basis, and therefore plaintiff has failed to state a constitutional claim upon which relief can be granted.  *See Warren*, 353 F.3d at 38.

## CONCLUSION

Exercising its discretion, the Court will not dismiss plaintiff's claims against CSX for failure to serve CSX within the Court's deadline.  Nonetheless, the Court will afford plaintiff one last chance to address all arguments heretofore raised by CSX, and orders plaintiff to file an amended complaint to address these arguments no later than March 12, 2007.  Therefore, CSX's motion to dismiss is **DENIED without prejudice**.

Plaintiff's amended complaint has stated a valid claim of negligence against the District of Columbia, but has not stated a valid claim under 42 U.S.C. § 1983.  Therefore, the District of Columbia's motion to dismiss is **DENIED in part**, with respect to plaintiff's negligence claim, **and GRANTED in part**, with respect to plaintiff's section 1983 claim.  An appropriate Order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            February 12, 2007**