**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PATTY DICKENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. 05-355 (EGS) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff brings this suit under the District of Columbia Survival Act on behalf of her deceased brother, Linwood Lawrence, who died after being struck by a train.  Pending before the Court are defendants CSX Transportation, CSX Corporation, and Gary Morris Cage's (collectively "CSX") motion to dismiss the third amended complaint, or in the alternative for summary judgment, defendant District of Columbia's ("D.C." or "the District") motion to dismiss the third amended complaint, and defendant D.C.'s motion to strike the plaintiff's second opposition to its motion.  Upon consideration of the motions and supporting memoranda, the responses and replies thereto, the applicable law, and the entire record, the Court determines that the plaintiff does not have standing to bring her Survival Act claims, but that dismissal is not justified for the reasons espoused by the District.  Therefore, for the reasons stated herein, CSX's motion

1

to dismiss is **GRANTED**, and the District's motion to dismiss is **DENIED without prejudice**.

**BACKGROUND**

Plaintiff brought this suit on behalf of her deceased brother, Linwood Lawrence, who died after being struck by a train in Baltimore on February 9, 2002. Plaintiff alleges that her brother was severely mentally ill and was released from the D.C. Jail without adequate preparation and without informing his relatives, which led to his death. Plaintiff alleges that decedent was struck and killed by a CSX train operated by Gary Morris Cage.

Plaintiff originally brought this suit under 42 U.S.C. § 1983 and common law negligence against the District of Columbia, D.C. Department of Corrections, United States Parole Board, CSX, and named and un-named individual defendants. In February 2007, this Court dismissed with prejudice plaintiff's section 1983 claims for failure to state a valid claim. *Dickens v. Dist. of Columbia*, Civil No. 05-355, 2007 WL 495801 (D.D.C. Feb. 12, 2007). Following that decision, plaintiff filed her third amended complaint, which only asserts claims under the D.C. Survival Act, D.C. Code § 12-101. In response, CSX and the District filed their currently pending motions. Plaintiff filed two opposition memoranda to D.C.'s motion and thus D.C. also moves to strike plaintiff's second opposition.

**STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must present "enough facts to state a claim to relief that is plausible on its face," and "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007). The Court will accept as true all factual allegations in the complaint, and give the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See id.* at 1965; *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996). If on a Rule 12(b)(6) motion, information from outside the pleadings is presented to and not excluded by the court, the motion is treated as one for summary judgment and the standard of review for Rule 56 applies. Fed. R. Civ. P. 12(b); *see Yates v. Dist. of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003).

Pursuant to Rule 56, summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. Dist. of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). In determining whether a genuine issue of material fact exists, the Court must view all facts in the light most favorable to the non-moving

party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The party opposing the motion has a duty to submit affidavits or other forms of information to the court to "set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Celotex Corp.*, 477 U.S. at 322 (citing Fed. R. Civ. P. 56(e)).  "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

## ANALYSIS

**1. CSX's Motion**

CSX contends that plaintiff does not have standing under the Survival Act to bring her claims.  In support of its argument, CSX relies on evidence outside of the pleadings, including documents filed and transcripts made in connection with *Lawrence v. CSX Corp.*, a nearly identical case filed in Baltimore County Circuit Court by Alice Lawrence, sister of plaintiff and decedent.  As the Court will consider this evidence outside the pleadings, CSX's motion will be treated as one for summary judgment.  *See* Fed. R. Civ. P. 12(b).

Under the D.C. Survival Act, a right of action survives to a decedent's "legal representative" where the right of action accrued to the decedent prior to his death. D.C. Code § 12-101. If the decedent left heirs at law, then the decedent's legal representative should be an heir at law. *Saunders v. Air Florida, Inc.*, 558 F. Supp. 1233, 1235 (D.D.C. 1983) (holding that plaintiffs did not have standing to bring Survival Act suit because decedent left heirs at law but plaintiffs were not among them) (citing to *Strother v. Dist. of Columbia*, 372 A.2d 1291, 1295-96 (D.C. 1977)). An "heir at law" is an individual who is entitled to an intestate decedent's property under the laws of intestacy. Black's Law Dictionary 740 (8th ed. 2004). Under D.C. law, the estate of an intestate decedent descends to the decedent's spouse or domestic partner and children. D.C. Code § 19-302. If the decedent left no spouse, domestic partner, or children, the decedent's estate descends to the decedent's parents. D.C. Code § 19-308. If the decedent leaves a sibling, and no child, descendant, or parent, then the decedent's estate descends to decedent's sibling(s). D.C. Code § 19-309.

CSX has presented evidence that Alice G. Lawrence, the mother of decedent and plaintiff, survived decedent and was alive throughout the three-year statute of limitations for plaintiff's claims. In *Lawrence v. CSX Corp*, plaintiff's sister represented to the Court that decedent's mother died in May 2005, almost

three months after plaintiff filed her original complaint in this case. CSX's Ex. 1, Pl.'s Opp'n to Mot. to Dismiss, *Lawrence v. CSX Corp.*, Case No. 03-C-05-001484 MT, ¶ 3 (Md. Cir. Ct.); *see also* CSX's Ex. 2, Hearing Tr., *Lawrence v. CSX Corp.*, Case No. 03-C-05-001484 MT, at 9-10 (Md. Cir. Ct. Dec. 6, 2006) (plaintiff's counsel acknowledging that decedent was survived by his mother). In her response to CSX's motion, plaintiff concedes this fact. Pl.'s Opp'n to CSX's Mot., ¶ 1. CSX therefore argues that because decedent's mother was alive, she was the only proper plaintiff in this case, and the present plaintiff does not have standing under the Survival Act to pursue these claims. *See Saunders*, 558 F. Supp. at 1235; D.C. Code § 19-308.

In response, plaintiff argues that D.C. Code §§ 19-306 and 19-313 allow plaintiff standing in place of her now-deceased mother. These statutory provisions describe the course of descent of a decedent's property. Plaintiff thus implicitly argues that the right to pursue the present claims was the property of plaintiff's mother and upon the death of plaintiff's mother the claim descended to plaintiff. Yet even if there is a property interest in an unfiled Survival Act claim, this property interest would have descended to plaintiff upon the death of plaintiff's mother in May 2005, three months after plaintiff filed her original complaint and three months after the statute of limitations expired. *See* D.C. Code § 12-301. Plaintiff,

therefore, was not an heir at law when the Survival Act claims were originally filed and when they could have been filed under the statute of limitations.[1]  Accordingly, plaintiff does not have standing to bring the Survival Act claims against CSX and they must be dismissed.  *See Saunders*, 558 F. Supp. at 1235.

**II. District of Columbia's Motions**

The District's first of two arguments in its motion to dismiss is that plaintiff's Survival Act claims must be dismissed because plaintiff failed to allege any economic loss to decedent's estate.  In support of their argument, D.C. relies on *Strother v. District of Columbia*, 372 A.2d 1291 (D.C. 1977), for the proposition that without proof that decedent's estate suffered an economic loss, no recovery by plaintiff is appropriate.  While this may have been the case when *Strother* was decided in 1977, it is not the case today.  Until 1978, the D.C. Survival Act explicitly precluded a plaintiff from recovering damages for a decedent's pain and suffering.  *See id.* at 1294 n.1.  In 1978, however, the D.C. Survival Act was amended to eliminate any restriction on recovery for pain and suffering. Therefore, "the 1978 amendment to 12 D.C. Code § 101 which

---

[1] Plaintiff also responds to CSX's argument with the bare allegation that plaintiff's mother was "incapacitated" prior to passing away.  Plaintiff, however, has not presented any evidence for this assertion, *see Celotex Corp.*, 477 U.S. at 324, nor has cited any authority for the legal significance of this fact.  Therefore, plaintiff's allegation is insufficient to defeat CSX's argument.

eliminated a previously-existing prohibition on damages for the decedent's pain and suffering reflects a legislative intent to allow such recovery." *Graves v. United States*, 517 F. Supp. 95, 99 (D.D.C. 1981).

Since the change in the D.C. Survival Act allowing recovery of damages for pain and suffering of the decedent, courts have not hesitated to award compensatory damages for pain and suffering. *See, e.g., id.* (awarding $75,000 for decedent's pain and suffering); *Mynatt v. Heine*, Civil No. 89-0748, 1991 WL 45734, at *4 (D.D.C. Mar. 21, 1991) (holding that plaintiffs made a sufficient claim for damages for pre-death pain and suffering by decedent); *Faggins v. Fischer*, 853 A.2d 132, 141 (D.C. 2004) (acknowledging that, although excessive here, an award of damages for pain and suffering under the Survival Act is appropriate). While plaintiff may not be able to recover damages for lost future income without further proof of economic loss to the decedent's estate, damages for pain and suffering could be established without such proof. *See, e.g.*, Graves, 517 F. Supp. at 99. Therefore, the Court rejects D.C.'s first argument.

The District's second argument in its motion to dismiss is that plaintiff's Survival Act claims must be dismissed because plaintiff's third amended complaint does not state the dates on which decedent was released from the D.C. Jail and was hit and killed by CSX's train as required by Rule 9(f). This argument

has little merit.  While it is true that plaintiff's third amended complaint did not state the date on which decedent was hit and killed by a CSX train, the date, Feb. 9, 2002, was stated in plaintiff's original complaint, which is incorporated by reference into the third amended complaint.  Compl. at 4; 3d. Am. Compl. at 1-2.  Moreover, Rule 8(a)(2) only requires a short and plain statement of the claim showing that plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Twombly*, 127 S. Ct. at 1955. Plaintiff clearly implies that decedent was released from jail only a short time before he was killed.  The District is therefore on notice of the time frame in question.  Plaintiff has thus satisfied the requirements of Rule 8(a)(2) and D.C.'s motion to dismiss will be denied.

Although D.C.'s arguments in its motion do not have merit, it appears that plaintiff's claims against the District and all other parties should be dismissed for the same reason that CSX's motion was granted.  As D.C. did not raise this argument, however, the Court will provide plaintiff with an opportunity to address this issue.  Finally, D.C.'s motion to strike plaintiff's second opposition to its motion to dismiss will be granted because a second opposition is not permitted absent leave of the Court.  *See* Local Civil Rule 7.

**CONCLUSION**

For the foregoing reasons, CSX's motion to dismiss, or in the alternative, for summary judgment is **GRANTED**.  The District of Columbia's motion to dismiss is **DENIED without prejudice** and its motion to strike plaintiff's second opposition is **GRANTED.** In addition, plaintiff is directed to file a supplemental memorandum by no later than September 28, 2007, addressing why the claims against the District of Columbia and all other remaining parties should not be dismissed for the same reasons supporting the granting of CSX's motion.  The District of Columbia may file a response to plaintiff's memorandum by no later than October 12, 2007.  An appropriate Order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            August 22, 2007**